IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Dewayne Sanlin, #00030371, | ) | C/A No. 9:20-0296 |
| Plaintiff, | ) | |
| vs. | ) | |
| Cherokee County Detention Center, Sheriff Muller, Major Anderson, and Captain Wells, | ) | **ORDER AND OPINION** |
| Defendants. | ) | |

At the time of the underlying events, Plaintiff James Dewayne Sanlin was a pretrial detainee at the Cherokee County Detention Center.  Plaintiff, proceeding pro se, filed a complaint on January 27, 2020, alleging that he was denied adequate medical care after he fell in the shower.  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.

On March 16, 2020, the Magistrate Judge issued a proper form order in which he described why the complaint, as filed, failed to name a proper defendant and to give such defendant(s) adequate notice of any claim against them.  The Magistrate Judge provided Plaintiff an opportunity to amend his complaint to cure the pleading deficiencies.  The Magistrate Judge also directed Plaintiff to complete, sign, and return a Form USM-285 for each Defendant, and to keep the Clerk of Court apprised in writing of any change of address.  The Magistrate Judge cautioned Plaintiff that failure to comply with the proper form order could result in the case being dismissed pursuant to Fed. R. Civ. P. 41.

Also on March 16, 2020, a copy of Standing Order 3:20-mc-105 (In re: Court Operations in

Response to COVID-19) was mailed to Plaintiff.  On March 30, 2020, Plaintiff provided the court

with Forms USM-285, along with a letter indicating that Plaintiff was unable to obtain the

information needed to file an amended complaint.  Plaintiff's letter was construed as a motion to

appoint counsel.  On April 14, 2020, the envelope containing Plaintiff's copy of the Standing Order

was returned to the Clerk's Office, marked "RETURN TO SENDER - ATTEMPTED - NOT

KNOWN - UNABLE TO FORWARD."

On April 24, 2020, the Magistrate Judge entered a Report and Recommendation in which he

recommended that the action be dismissed pursuant to Rule 41(b) for Plaintiff's failure to comply

with the March 16, 2020 proper form order.  The envelope containing Plaintiff's copy of the Report

and Recommendation was returned to the Clerk's Office on April 18, 2020, marked "RETURN TO

SENDER - ATTEMPTED - NOT KNOWN - UNABLE TO FORWARD."

The Magistrate Judge makes only a recommendation to this court.  The recommendation has

no presumptive weight.  The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole

or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).

This court may also receive further evidence or recommit the matter to the Magistrate Judge with

instructions.  Id.  In the absence of a timely filed objection, a district court need not conduct a de

novo review, but instead must "only satisfy itself that there is no clear error on the face of the record

in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310,

315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and

Recommendation and incorporates it herein by reference. Plaintiff's complaint is **dismissed,**

**without prejudice**, for failure to comply with the Magistrate Judge's March 16, 2020 proper form order.  See Fed. R. Civ. 41(b).  Plaintiff's motion to appoint counsel (ECF No. 14) is **denied as moot**.

      **IT IS SO ORDERED**.

                     /s/ Margaret B. Seymour
                     Senior United States District Judge

Charleston, South Carolina

May 28, 2020.